In the Matter of ROBERT G. SMITH (Admitted as ROBERT GARY SMITH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 13, 1986

## APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Robert G. Smith,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Petitioner, Departmental Disciplinary Committee (DDC) for the First Judicial Department, moves for an order, pursuant to Rules Governing the Conduct of Attorneys in the Appellate Division, First Judicial Department § 603.4 (d) (22 NYCRR), confirming a report of a Hearing Panel (Panel), which includes findings of fact, conclusions of law, and a recommendation that respondent Robert G. Smith, who was admitted as Robert Gary Smith (respondent), be suspended from the practice of law for a period of six months. In response to DDC's motion, respondent, *pro se,* cross-moves, in substance, for an order: (1) confirming so much of the report of the Panel as dismissed four counts of professional misconduct against the respondent; (2) annulling so much of the report of the Panel as sustained four charges, containing 12 counts, of professional misconduct against the respondent; (3) dismissing the petition filed by the DDC against the respondent; or, (4) in the alternative, declaring that: (a) the report of the Panel was made in violation of lawful procedure, and, (b) the discipline recommended by the Panel constitutes an abuse of discretion.

Respondent was admitted to practice in the First Judicial Department on March 11, 1974. During the period covered by the charges herein, respondent maintained an office for the practice of law within the First Judicial Department.

These disciplinary proceedings were initiated on or about February 24, 1986, when the DDC served respondent with a notice of, and statement of charges (Statement). In this Statement, the DDC charged respondent with 16 separate acts of professional misconduct in connection with his handling of matters involving four former clients: Mrs. Catherine A. Litrenta (Mrs. Litrenta), Mr. Heriberto Cedeno (Mr. Cedeno), Mrs. Reva Finkelstein (Mrs. Finkelstein), and, Mr. and Mrs. William Snyder (Mr. and Mrs. Snyder). Specifically, the DDC charged respondent with professional misconduct, as follows: three counts of neglecting a legal matter entrusted to him in violation of Code of Professional Responsibility, DR 6-101 (A) (3); three counts of engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (A) (4); two counts of engaging in conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5); two

counts of engaging in conduct that adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (6); and, one count of each of the following: handling a matter incompetently in violation of DR 6-101 (A) (1); disobeying a court order in violation of DR 7-106 (A); failing to carry out a contract of employment in violation of DR 7-101 (A) (2); engaging in conduct prejudicial to his client in violation of DR 7-101 (A) (3); taking action that serves merely to harass or maliciously injure another in violation of DR 7-102 (A) (1); and improperly resigning as an attorney of record in violation of DR 2-110 (A) (1) and (2).

Subsequently, on March 17, 1986, respondent, *pro se,* served an answer, which contained five affirmative defenses. In substance, this answer denied the charges, claimed respondent had acted professionally in his dealings with these four clients, and, alleged that the counsel staff of the DDC had acted unprofessionally in their investigation of the subject complaints.

After issue was joined, on March 24, 1986, a hearing on the charges commenced before the Panel. This hearing lasted five sessions, and concluded on June 23, 1986. During the hearing, the DDC counsel staff presented both testimonial and documentary evidence in support of the charges. At the hearing, respondent represented himself, vigorously cross-examined the DDC witnesses, and presented a defense which consisted of his own testimony, as well as documentary evidence.

After all of the evidence had been received, the Panel sustained 12 counts of professional misconduct, and dismissed 4.

In substance, set forth *infra,* are the findings of the Panel in respect to the counts that were sustained.

Charge No. one (the Mrs. Litrenta matter). The Panel sustained 4 of the 5 counts of this charge, as follows: First, the Panel found respondent guilty of neglect of a legal matter entrusted to him (Code of Professional Responsibility, DR 6-101 [A] [3]), in that he failed to complete Mrs. Litrenta's 1983 uncontested matrimonial matter and failed to respond to her inquiries concerning its status. Second, the Panel found respondent guilty of engaging in conduct involving dishonesty, fraud, deceit or misrepresentation (DR 1-102 [A] [4]), in that he falsely told Mrs. Litrenta he had mailed documents to her and misrepresented to her that he would handle her divorce "with all deliberate speed". Third, the Panel found respondent

guilty of engaging in conduct prejudicial to the administration of justice (DR 1-102 [A] [5]), in that he offered to return to Mrs. Litrenta her legal papers, upon condition that she withdraw her complaint to the DDC about him. Fourth, the Panel found respondent guilty of engaging in conduct that adversely reflects upon his fitness to practice law (DR 1-102 [A] [6]), in that he neglected Mrs. Litrenta's matrimonial case, failed and refused to respond to her inquiries, misled her as to his activities, and when she complained to the DDC, attempted to obtain her withdrawal of the complaint.

Charge No. two (the Mr. Cedeno matter). The Panel sustained both counts of this charge, as follows: First, the Panel found respondent guilty of neglect of a legal matter entrusted to him (Code of Professional Responsibility, DR 6-101 [A] [3]), in that he failed to perfect Mr. Cedeno's appeal. Second, the Panel found respondent guilty of disregarding a court order (DR 7-106 [A]), in that he failed to perfect Mr. Cedeno's appeal as directed by this court.

Charge No. three (the Mrs. Finkelstein matter). The Panel sustained 4 of the 6 counts of this charge, as follows: First, the Panel found respondent guilty of failing to carry out a contract of employment (Code of Professional Responsibility, DR 7-101 [A] [2]), in that he failed and refused to take any steps to stay or discontinue the divorce proceedings, even though Mrs. Finkelstein instructed him to do so. Second, the Panel found respondent guilty of engaging in conduct prejudicial to his client (DR 7-101 [A] [3]), in that he took affirmative steps to thwart the discontinuance of Mrs. Finkelstein's divorce action, knowing that she did not wish to proceed with that action, a course of conduct that eventually compelled her to retain another attorney to represent her interests, and respondent failed and refused either to return her papers or to arrange for the lifting of a court-ordered seal on the Finkelsteins' safe deposit box. Third, the Panel found respondent guilty of engaging in conduct prejudicial to the administration of justice (DR 1-102 [A] [5]), in that he opposed two motions to dismiss the Finkelsteins' divorce action, even though he knew Mrs. Finkelstein's wishes to be to the contrary, and, when respondent was granted a hearing, scheduled for August 18, 1983, on the issue of his fee, respondent failed to appear, although nonpayment of his fee had been one of his chief stated reasons for opposing dismissal of the action. Fourth, the Panel found respondent guilty of engaging in conduct that adversely reflects on his fitness to practice law (DR 1-102 [A]

[6]), in that he failed and refused to follow his client Mrs. Finkelstein's instructions regarding discontinuance of the divorce action, and, although he was her attorney of record, respondent took no steps to see that her views were presented to the court when her husband moved for dismissal of the proceedings. Furthermore, respondent's failure to pursue his claim for legal fees, either at the hearing scheduled for August 18, 1983, or at any time thereafter, raises serious questions about the good-faith basis of that claim and adversely reflects upon his fitness to practice law.

Charge No. four (the Mr. and Mrs. Snyder matter). The Panel sustained 2 of the 3 counts of this charge, as follows: First, the Panel found respondent guilty of neglect of a legal matter entrusted to him (Code of Professional Responsibility, DR 6-101 [A] [3]), in that he was retained by Mr. and Mrs. Snyder to handle an unlawful eviction action, and, from December 1982 until March 1986, which was after formal charges were served upon respondent by the DDC, respondent did virtually no work on that case. Second, the Panel found respondent guilty of engaging in conduct involving dishonesty, fraud, deceit and misrepresentation (DR 1-102 [A] [4]), in that he misrepresented to Mr. and Mrs. Snyder that he would make a motion for summary judgment by February 1, 1984, when in fact respondent never made any such motion.

The four counts not sustained by the Panel were, as follows: the incompetence count (Code of Professional Responsibility, DR 6-101 [A] [1]) of charge No. one; the misrepresentation count (DR 1-102 [A] [4]), and the harassment count (DR 7-102 [A] [1]) of charge No. three; and, the improper resignation count (DR 2-110 [A] [1], [2]) of charge No. four.

Furthermore, the Panel, unanimously, reprimanded the respondent and recommends that, in view of his previously unblemished record, he be suspended from the practice of law for six months.

Our review of the record convinces us that overwhelming evidence, both testimonial and documentary, supports the findings of the Panel as to the counts that were sustained.

Following our examination of the respondent's papers and memorandum of law in support of his cross motion, we find that they failed to contain any meritorious arguments that would indicate (a) the Panel's guilty findings were against the weight of the evidence, and, (b) there were any procedural irregularities that denied respondent due process.

Respondent is 37 years old, has practiced law for approximately 12 years, and, as mentioned *supra,* has no prior disciplinary record. Nevertheless, considering respondent's continuing pattern of misconduct, as found by the Panel, we find that the respondent should be suspended from the practice of law for a period of one year.

Accordingly, the motion of the petitioner is granted only to the extent of confirming that portion of the Panel's report that contains the findings of fact and conclusions of law, and is otherwise denied; the respondent's cross motion is granted only to the extent of confirming that portion of the Panel's report that dismissed four counts of professional misconduct against him, and is otherwise denied; and, it is ordered, that respondent be, and hereby is, suspended from the practice of law for a period of one year and until the further order of this court.

MURPHY, P. J., ROSS, ROSENBERGER, ELLERIN and WALLACH, JJ., concur.

Petition granted only to the extent of confirming that portion of the Panel's report that contains the findings of fact and conclusions of law, and is otherwise denied; respondent's cross motion is granted only to the extent of confirming that portion of the Panel's report that dismissed four counts of professional misconduct against him, and otherwise denied. Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of one year, effective December 15, 1986, and until the further order of this court.