[627 NYS2d 644]

In the Matter of JOSEPH A. COFINO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 6, 1995

### APPEARANCES OF COUNSEL

*Jorge Dopico* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Carl D. Bernstein* of counsel *(Agins, Dolgin, Siegel & Bernstein,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Joseph A. Cofino was admitted to the practice of law in the State of New York by the First Judicial Department on April 16, 1984. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

On or about February 11, 1993, respondent was served with a Notice and Statement of Charges alleging that respondent violated Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3), DR 2-110 (A) (1) and (3) (22 NYCRR 1200.15), DR 6-101 (A) (3) (22 NYCRR 1200.30) and DR 9-102 (C) (4) (22 NYCRR 1200.46). On or about May 26, 1993, respondent belatedly served an answer in which he denied most of the allegations. A Hearing Panel was convened to hear testimony and receive evidence relating to the charges on May 4, 1993, May 25, 1993, June 24, 1993, August 10, 1993 and September 28, 1993. Staff counsel for the Disciplinary Committee called five complaining witnesses to testify and respondent called one fact witness and testified on his own behalf. During the hearings, the following facts were educed and conclusions reached.

### The Santana Matter—Charges One and Two

Maria I. Santana retained respondent in the fall of 1989 to represent her in obtaining an uncontested divorce and, to further that end, paid respondent a $475 fee. On or about September 20, 1989, respondent prepared a summons for the divorce action and mailed a copy to Ms. Santana. After receiving the copy, Ms. Santana attempted unsuccessfully to communicate with respondent for several months and by letter dated October 9, 1990, Ms. Santana demanded the return of her fee. Respondent did not answer the letter, failed to return any portion of the fee and for approximately three years after Ms. Santana retained him, respondent failed to communicate with her regarding the status of her case. As a result, Ms. Santana obtained a divorce through the services of another attorney.

Respondent was charged with neglect of a legal matter in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30) (Charge One) and, by neglecting the Santana matter for three years, effectively withdrawing from employment without refunding the

unearned part of the advance fee, in violation of DR 2-110 (A) (3) (22 NYCRR 1200.15) (Charge Two).

## The Provenzale Matter—Charges Three and Four

On or about April 11, 1988, Camile B. Provenzale retained respondent to collect the unpaid balance on a promissory note executed by one Norman Robert Ford in favor of Provenzale in 1985. At that time, Mr. Provenzale paid respondent a $1,500 retainer.

By letter dated April 29, 1988, respondent demanded payment on the note from Ford and by letter dated June 20, 1988, Ford's attorney offered to make monthly payments of $200 to satisfy Ford's obligations under the note. Respondent rejected the offer made on behalf of Mr. Provenzale, who had authorized respondent to accept a settlement of $1,500 per month until the debt was satisfied.

On November 25, 1988, respondent filed a motion for summary judgment in lieu of complaint on behalf of Mr. Provenzale in Supreme Court, Bronx County. By letter dated April 15, 1989, respondent advised Mr. Provenzale that the motion had been stricken from the court calendar and enclosed copies of the court filings with the letter. Thereafter, respondent failed to communicate further with Mr. Provenzale or to take any additional action on the case. In or about January 1990, Mr. Provenzale attempted to contact respondent but discovered that respondent's telephone had been disconnected and he was unable to contact respondent by phone. Mr. Provenzale thereafter sent two certified letters to respondent dated March 26 and May 1, 1990, of which the March 26, 1990 was returned unclaimed. Respondent never communicated with Mr. Provenzale concerning the status of his case and as a result, Mr. Provenzale retained another attorney who commenced a new proceeding and obtained a judgment against Ford in Supreme Court, Kings County.

Respondent was charged with neglecting a legal matter, in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30) (Charge Three) and by neglecting the matter for over four years, effectively withdrawing from employment without promptly refunding the part of the advance fee which had not been earned, in violation of DR 2-110 (A) (3) (22 NYCRR 1200.15) (Charge Four).

## The Cardona Matter—Charges Five, Six and Seven

Conception Cardona retained respondent on or about August 2, 1990 to represent her in a divorce action. Respondent

requested a $1,500 fee, which Ms. Cardona paid in three $500 installments, the last of which was made by the end of August 1990.

Beginning shortly after Ms. Cardona made the last installment on respondent's fee, she attempted to contact respondent on many occasions to ascertain the status of her case but respondent never returned her telephone calls or otherwise contacted her about the divorce proceedings. In addition, respondent never sent Ms. Cardona or her husband any documents concerning the divorce proceedings.

Approximately one year after retaining respondent and failing to receive any communications from him, Ms. Cardona obtained a Small Claims Court judgment against respondent in June 1991 for $1,606.83, an amount representing respondent's unearned fee of $1,500 plus interest and disbursements of the action. Although respondent failed to contest the judgment, he has not refunded the unearned fee or otherwise satisfied the judgment. Ms. Cardona has since obtained a divorce through the services of another attorney.

As a result of the respondent's actions, he was charged with neglecting a legal matter, in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30) (Charge Five); by neglecting the matter for approximately two years, effectively withdrawing from employment without promptly refunding the part of the advance fee which had not been earned, in violation of DR 2-110 (A) (3) (22 NYCRR 1200.15) (Charge Six); and by willfully failing to satisfy the judgment, engaging in conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3) (Charge Seven).

### The Velazquez Matter—Charges Eight, Nine and Ten

Alfredo Velazquez, a shareholder in a company providing electrical and air conditioning services, retained respondent in early October 1990 to represent him in a shareholder's derivative action against his fellow shareholders who were trying to force Mr. Velazquez to sell his shares of stock for $75,000, which Mr. Velazquez thought was below fair market value. Mr. Velazquez paid respondent a retainer of $3,000 over a two-month period.

By letter dated October 5, 1990, respondent wrote to opposing counsel seeking to schedule a meeting to attempt a settlement of the dispute, but respondent subsequently failed to

return opposing counsel's telephone calls to schedule such meeting. Opposing counsel eventually advised respondent, by letter dated October 29, 1990, that the meeting could not be scheduled because respondent had not returned his telephone calls. By letters dated December 6 and 10, 1990, opposing counsel gave Mr. Velazquez notice of his client's intent to tender $75,000 to Mr. Velazquez on December 18, 1990 in exchange for his shares of the company. During this time period, Mr. Velazquez also found it difficult to communicate with respondent.

On December 13, 1990, respondent commenced an action against Mr. Velazquez' corporation and his fellow shareholders. Between December 22, 1990 and January 11, 1991, however, Mr. Velazquez and opposing counsel were again unable to communicate with respondent. By letter dated January 14, 1991, Mr. Velazquez discharged respondent as a result of respondent's unavailability and informed respondent that he had retained a new attorney. In the same letter, Mr. Velazquez requested that respondent return a portion of the unearned $3,000 retainer and forward the case file to his new attorney.

Despite his promise to Mr. Velazquez in or about March 1991 that he would refund some of the $3,000 retainer, respondent never did so. In addition, respondent never forwarded the case file to Mr. Velazquez' new attorney. On December 19, 1991, Mr. Velazquez obtained a Small Claims Court judgment against respondent for $2,185.58, which represented $2,000 in unearned fees plus interest and disbursements. Although respondent sought and obtained adjournments of Mr. Velazquez' Small Claims Court action against him, he ultimately failed to contest Mr. Velazquez' action and defaulted. Said judgment remains unsatisfied. Mr. Velazquez' action against the corporation and his fellow shareholders was still pending as of the date of Mr. Velazquez' testimony before the Hearing Panel on May 4, 1993.

As a result of respondent's actions, he was charged with engaging in conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3) (Charge Eight); failing promptly to refund to Mr. Velazquez part of the fee paid in advance that had not been earned, in violation of DR 2-110 (A) (3) (22 NYCRR 1200.15 (Charge Nine); and failing promptly to deliver to Mr. Velazquez, or his new attorney, as requested by Mr. Velazquez, the case file in

his possession that Mr. Velazquez was entitled to receive, in violation of DR 9-102 (C) (4) (22 NYCRR 1200.46) (Charge Ten).

## The Davis Matter—Charges Eleven and Twelve

Ileana Davis retained respondent on or about June 24, 1989 to obtain an uncontested divorce and paid him an advance retainer of $250 at that time. Approximately one week later, respondent met with Ms. Davis and she signed divorce papers that were delivered to her husband, who did not respond.

Despite repeated telephone calls by Ms. Davis to respondent over the next several months seeking information about the status of her divorce action, respondent did not contact his client until February 1990. At that time, respondent requested the balance of his fee in the amount of $250, which Ms. Davis paid on March 1, 1990. Respondent also informed Ms. Davis that the divorce action would take approximately six to eight weeks to process and that he would contact her. Thereafter, respondent moved his office without informing Ms. Davis and failed to return her telephone calls.

As a result of not being able to communicate with respondent or obtain an explanation of the delay in procuring her divorce, Ms. Davis, by letter dated January 7, 1991, requested the return of her fee unless the divorce was obtained immediately. In February 1991, Ms. Davis filed a complaint against respondent with the Disciplinary Committee asserting respondent's neglect of her divorce action and seeking reimbursement of her payments to respondent. About four months later, respondent promised to refund the full $500 fee but refused to do so while Ms. Davis' complaint was pending before the Disciplinary Committee, allegedly because it might look like he was paying her off.

Respondent has failed to refund any portion of the fee to Ms. Davis despite staff counsel's letter of November 26, 1991 reminding respondent that the Disciplinary Rules require that he refund any part of his unearned fee. Ms. Davis ultimately retained another attorney, but as of the date of her testimony before the Hearing Panel on May 4, 1993, she had not yet obtained a judgment of divorce.

As a result of respondent's actions he was charged with neglecting a legal matter in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30) (Charge Eleven) and by neglecting the matter for over two years, effectively withdrawing from employment without refunding to Ms. Davis any portion of the

advance fee that had not been earned, in violation of DR 2-110 (A) (3) (22 NYCRR 1200.15) (Charge Twelve).

## The Bracero Matter—Charges Thirteen and Fourteen

In or about October 1991, Rosalinda Bracero retained respondent to represent her brother in a criminal case in Sullivan County, New York, and paid respondent a retainer of $2,500. At the time respondent was retained, Mr. Bracero was in jail awaiting a trial or a disposition of burglary charges.

Initially, respondent appeared before both a local Justice Court and an Acting County Judge to represent Mr. Bracero. Respondent also appeared before the County Judge on November 13, 1991 on Mr. Bracero's behalf. Thereafter, Ms. Bracero's family tried to contact respondent without success and, after respondent missed several court appearances, the Clerk of the Court received two letters from Ms. Bracero dated March 8 and 18, 1992, and County Judge Anthony T. Kane received a letter from Ms. Bracero dated March 9, 1992, all requesting the appointment of a new attorney because respondent could not be located.

Respondent testified that after his last court appearance in November 1991, Mr. Bracero's sister told him his services were no longer needed. Ms. Bracero testified that she told respondent his services were no longer needed and that she had hired another lawyer for her brother. Respondent did acknowledge, however, that he never appeared in court to seek permission to withdraw as Mr. Bracero's attorney. Respondent also acknowledged that he never made an attempt to contact his client before ceasing to represent him.

Despite Judge Kane's certified letter to respondent of March 16, 1992 directing him to appear before the court for a conference on March 19, 1992, respondent did not appear or otherwise communicate with the court regarding the Bracero case. Respondent contends that he never received the letter, although he acknowledged that at the time in question he maintained his office at the address stated in Judge Kane's letter. As a result of respondent's failure to appear on March 19, 1992, Judge Kane appointed a new attorney to represent Mr. Bracero and filed a complaint against respondent on or about April 14, 1992 that ultimately was referred to the Disciplinary Committee.

As a result of respondent's actions he was charged with withdrawing from employment in a proceeding before a tribu-

nal without its permission in violation of DR 2-110 (A) (1) (22 NYCRR 1200.15) (Charge Thirteen) and neglecting a legal matter in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30) (Charge Fourteen).

## The Cruz Matter—Charges Fifteen and Sixteen

In early 1989, Migdalia Cruz' husband commenced a divorce proceeding against Ms. Cruz in Supreme Court, Queens County. Ms. Cruz, who was then living in Puerto Rico, defaulted and the court entered a judgment of divorce on the grounds that Ms. Cruz had subjected her husband to cruel and inhuman treatment. On or about July 15, 1989, Ms. Cruz, by her attorney from Puerto Rico, moved to vacate the default judgment on the ground, *inter alia,* that a divorce proceeding had been previously instituted in Puerto Rico. At the parties' request, the court adjourned the motion to vacate the default, which was ultimately heard on November 20, 1989.

On or about September 11, 1989, Ms. Cruz retained respondent to represent her in the New York divorce proceedings. Respondent's total fee for representing Ms. Cruz was $2,000, which Ms. Cruz paid in installments, the last of which was made on or about January 11, 1990. Respondent thereafter failed to keep Ms. Cruz informed of the status of her case and her attempts to communicate with respondent, who had moved his office and whose telephone had been disconnected, were unsuccessful.

By order dated December 14, 1989, the court vacated the default judgment and directed the parties, in the absence of an agreement between them, to submit net worth statements on or before February 26, 1990. By letter dated January 5, 1990, opposing counsel forwarded to respondent a copy of the court's December 14, 1989 order directing the parties to submit net worth statements and subsequently mailed three net worth statement forms to respondent, also as directed by the court. In an effort to conclude the matter, opposing counsel sought confirmation from respondent that Ms. Cruz was satisfied with the amount of child support being paid by her husband and also obtained from the court an extension of time to March 8, 1990 to submit the net worth statements, which extension was confirmed by letter to the court dated February 26, 1990, a copy of which was sent to respondent. Respondent testified that he probably responded either in writing or in telephone conversations to any letters from

opposing counsel although no documentary evidence was produced to corroborate respondent's testimony.

In March 1990, opposing counsel moved to reinstate the default judgment on the grounds that respondent had not answered his letters and had not returned a completed net worth statement on Cruz' behalf. On the April 23, 1990 return date of the motion to reinstate the default, respondent failed to appear. In his testimony, respondent acknowledged that he never appeared in court on Ms. Cruz' behalf and never filed any papers on her behalf and averred that his duties only involved "tracking" the New York case on Ms. Cruz' behalf.

The court reinstated the default judgment against Ms. Cruz and although Ms. Cruz was able to obtain a divorce judgment in Puerto Rico, the default judgment in New York that she had retained respondent to vacate remains intact. Respondent has not refunded any portion of Ms. Cruz' fee.

As a result of respondent's actions he was charged with neglecting a legal matter in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30) (Charge Fifteen) and withdrawing from employment without promptly refunding to Cruz any portion of the advance fee which was not earned, in violation of DR 2-110 (A) (3) (22 NYCRR 1200.15) (Charge Sixteen).

### The Melendez Matter—Charge Seventeen

On or about April 4, 1991, respondent represented Edwin Melendez at his arraignment in Supreme Court, Bronx County. Mr. Melendez' mother had paid respondent a retainer of approximately $475 on account of a total fee of $3,500.

Following the arraignment, respondent failed to appear in Supreme Court before Justice E. H. Stackhouse on three separate dates over a three-month period and, according to Justice Stackhouse's letter to the Disciplinary Committee, respondent failed to file any pretrial motions within the time required by the Criminal Procedure Law. After staff counsel advised respondent of Justice Stackhouse's request that the Disciplinary Committee investigate respondent's representation of Mr. Melendez, respondent appeared before Justice Stackhouse on or about July 15, 1991. At that time, the court granted respondent's motion to withdraw in the Melendez case and assigned new counsel for Mr. Melendez.

As a result of respondent's actions he was charged with neglecting a legal matter entrusted to him, in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30) (Charge Seventeen).

## The Rivera Matter—Charges Eighteen and Nineteen

In early August 1991, respondent was retained by Abraham Ortiz to represent his niece, Millie Rivera, who had been charged with attempted murder. Respondent filed a notice of appearance dated August 8, 1991 on Ms. Rivera's behalf with the Criminal Court, New York County. Respondent initially represented Ms. Rivera in Criminal Court and, later, in the Supreme Court arraignment and conference part.

During an 18-week period, respondent missed three scheduled court dates on October 16, 1991, February 6, 1992 and February 28, 1992 and on some of these occasions, respondent contacted the court to explain that his absence was due to illness or because his car had been towed.

After respondent failed to appear on February 28, 1992, Justice Richard T. Andrias, by letter dated March 3, 1992, instructed respondent to appear in court prior to the trial date of March 23, 1992 and to assure the court that respondent was "ready, willing and able to proceed to trial when directed." The court also informed respondent by telephone of the March 23, 1992 trial date. After respondent failed to respond to Justice Andrias' letter and failed to appear in court prior to trial or on that scheduled trial date of March 23, 1992, the court appointed another attorney to represent Rivera.

By letter dated April 16, 1992, Justice Andrias informed respondent that unless he had a satisfactory explanation for neglecting Ms. Rivera's case, the court had no choice but to report his conduct to the Disciplinary Committee. When respondent failed to respond to Justice Andrias' April 16, 1992 letter, the court filed a complaint against respondent with the Disciplinary Committee on or about April 30, 1992.

Respondent contends that he never received the court's letters, although they were never returned by the postal service as undeliverable and at the time in question he maintained an office at the address stated in the letters. Respondent testified that Mr. Ortiz advised him after a hearing in January 1992 that other counsel had been obtained and that his services were no longer needed, although he acknowledged that he did not appear in court to obtain the court's permission to withdraw as Ms. Rivera's attorney and that he never spoke with Ms. Rivera prior to withdrawing.

As a result of respondent's actions, he was charged with neglecting a legal matter in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30) (Charge Eighteen) and withdrawing from

employment in a proceeding before a tribunal without its permission, in violation of DR 2-110 (A) (1) (22 NYCRR 1200.15) (Charge Nineteen).

Based upon the testimony and documentary evidence presented at the hearing, the Hearing Panel sustained 18 of the 19 charges set forth above. The Hearing Panel dismissed Charge Four, which alleged that respondent failed to refund any unearned portion of Mr. Provenzale's advance fee in violation of DR 2-110 (A) (3) (22 NYCRR 1200.15), concluding that the record contained sufficient evidence to support a finding that respondent earned his advance fee of $1,500, although he generally neglected the matter as a whole after April 1989.

On June 23, 1994, the Hearing Panel issued its written report recommending that respondent should be suspended from the practice of law for a period of one year with reinstatement contingent on respondent's satisfaction of the two outstanding judgments and the refund of unearned fees to three of his former clients in amounts as agreed by respondent and staff counsel. The Panel further recommended that reinstatement be made contingent upon a showing that respondent has instituted changes in his handling of client matters and improved his office procedures so as to avoid a repetition of the charges heard by the Panel. After referring to cases where this Court has imposed the sanction of public censure for neglect when an attorney has no prior disciplinary record, the Hearing Panel stated that it believed a more severe sanction than a public censure was warranted by the pattern of misconduct engaged in by respondent that involves not only extensive neglect but other serious charges. In addition, the Panel believed that a more severe sanction than public censure is justified by several aggravating factors and the absence of any compelling mitigating circumstances.

By petition dated September 19, 1994, the Departmental Disciplinary Committee is now seeking an order confirming the Hearing Panel's report and imposing the recommended sanction that respondent be suspended from the practice of law for a period of one year and not be reinstated until he refunds unearned fees to his clients and satisfies the two judgments against him.

By cross petition dated December 1, 1994, respondent seeks an order disaffirming the Hearing Panel's recommendation for suspension and instead imposing a sanction no greater than a

public censure. Respondent's counsel stresses the fact that respondent has no prior disciplinary history and that at the time of his neglect, he was experiencing personal problems related to his wife's health and the serious health problems of his father. Counsel states that there was no claim that respondent was venal with respect to his clients and that no client was irreparably harmed.

A review of the evidence before the Hearing Panel reveals that respondent, over a three-year period, neglected eight legal matters entrusted to him; failed to return unearned fees on five occasions; failed to satisfy outstanding judgments for unearned fees on two occasions; failed to return a former client's case file upon request; and, in two instances, withdrew from his representation of clients facing criminal charges without seeking, or obtaining, the court's permission. In light of the foregoing three-year pattern of misconduct and in the absence of compelling evidence in mitigation, we find that the recommended sanction of one year is appropriate (see, Matter of Denhoffer, 127 AD2d 230; Matter of Smith, 120 AD2d 208, lv denied 69 NY2d 983).

Accordingly, the Disciplinary Committee's petition is granted, the Hearing Panel's report is confirmed to the extent that respondent is suspended from the practice of law for a period of one year with reinstatement contingent upon respondent's satisfaction of the two outstanding judgments and the refund of unearned fees to three of his former clients agreed upon by respondent and the Disciplinary Committee and until further order of this Court. Respondent's cross petition is denied.

ELLERIN, J. P., ROSS, ASCH, WILLIAMS and TOM, JJ., concur.

Petition granted to the extent of suspending respondent for a period of one year, effective July 6, 1995, and until the further order of this Court, on the terms and conditions contained in the order of this Court, and cross petition to disaffirm the Hearing Panel's findings, conclusions and recommendation, and for other relief, denied.