■ LISA LIEBERT, Respondent, v AARON GELBWAKS et al., Appellants. [651 NYS2d 307] —Judgment, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered June 10, 1994, which, *inter alia*, denied defendants' motion to set aside the jury verdict or, alternatively, to direct a new trial, unanimously modified, on the law, to set aside the verdict insofar as it awarded plaintiff treble damages against defendant Gelbwaks pursuant to Judiciary Law § 487, and otherwise affirmed, without costs.

We find that the award of treble damages against defendant Gelbwaks must be set aside. The statute at issue, Judiciary Law § 487 (2), provides, in pertinent part: "An attorney or counselor who * * * wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for * * * forfeits to the party injured treble damages, to be recovered in a civil action." While the evidence is sufficient to demonstrate that defendant Gelbwaks had, as the jury found, breached his fiduciary duty and was liable to plaintiff for the amounts released from his escrow account to defendant Levine pursuant to plaintiff's power of attorney, it is insufficient to show that he actually participated in the transactions in a manner that would constitute willful receipt of the subject funds within the meaning of the statute, a necessary element for imposition of treble damages. Concur— Milonas, J. P., Ellerin, Kupferman, Tom and Mazzarelli, JJ.