[696 NYS2d 45]

In the Matter of AARON GELBWAKS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 14, 1999

## APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Howard Benjamin* of counsel (*Gentile, Brotman & Benjamin,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Aaron Gelbwaks was admitted to the Bar at the First Judicial Department in 1955, and has maintained an office for such practice within this Department at all times relevant to these proceedings. Petitioner Departmental Disciplinary Committee brought this proceeding in 1998, seeking appropriate disciplinary sanction for several incidents of professional misconduct stemming from respondent's representation of three separate clients. Based upon adverse findings in the three cases, this Court ordered, in November 1998, that the matter be referred to a Referee for consideration of evidence in mitigation or aggravation, if any, and recommendation of appropriate sanction.

After hearing testimony from respondent and two character witnesses, the Referee recommended suspension for not less than three years. Petitioner moves for confirmation of that report. Respondent cross-moves to substitute a sanction of public censure. We disagree with the Referee's recommendation, and find that respondent's misconduct in these three matters warrants a more serious sanction. Accordingly, we disaffirm the Referee's report and order that respondent be disbarred.

### The Liebert Matter

In 1994, respondent was retained by Lisa Liebert in connection with the sale of her West Side Manhattan apartment. The proceeds of the sale, which netted $525,000, were deposited into respondent's escrow account. Attending the closing was Solomon Levine, a close friend of Liebert who also happened to be a client of respondent. Liebert later sued respondent and Levine, alleging that the former had fraudulently disbursed about $215,000 of her money to the latter from the escrow fund. Respondent contested, arguing that Liebert had authorized him to make disbursements pursuant to Levine's instructions. A jury found that respondent had breached his fiduciary duty to Liebert by disbursing escrow funds without authorization, and awarded $387,600, plus treble damages. On appeal, we modified by setting aside the treble damage award, but otherwise affirmed (*Liebert v Gelbwaks*, 234 AD2d 164).

### The Gonzalez Matter

Samuel Gonzalez hired respondent in 1985, as he neared fruition of an 8-year project to convert a parcel of Manhattan

realty to condominium ownership. Respondent secured for Gonzalez a $50,000 loan needed for the renovation, and prepared the offering plan for the conversion.

Meanwhile, respondent's office manager/paralegal and her son had formed a corporation (Sagefil) which also took a $150,000 loan from the same lending agency in connection with a purchase of property, and respondent talked Gonzalez into personally guaranteeing that loan. Respondent, who had earlier guaranteed $500,000 in loans from another lender to Sagefil, represented both the debtor (Sagefil) and the guarantor (Gonzalez) at the closing of this latest loan, which was later expanded to $190,000. Sagefil defaulted on this loan, leaving Gonzalez liable as guarantor.

Gonzalez sued respondent and others, alleging fraudulent inducement in that he had been unaware that respondent was representing more than one party to the loan, and was a prior guarantor on other loans to Sagefil. The complaint further alleged that respondent failed to account for the proceeds of Gonzalez' own loan, which had been placed in respondent's escrow account. A bench trial resulted in respondent's liability to Gonzalez in the amount of $190,889 on the count of fraudulent inducement, and $38,663.75 for unauthorized invasion of the escrow, plus treble damages. On appeal, we modified by setting aside the treble damage award, but otherwise affirmed, emphasizing respondent's "impermissible conflict of interest" in this matter (*Gonzalez v Gordon*, 233 AD2d 191).

### The Spectee Matter

Respondent represented the owners of a realty corporation which filed for bankruptcy in 1994 in order to stay automatically a forced sale of its leasehold mortgage on property in satisfaction of a judgment of foreclosure. The Bankruptcy Court later dismissed the chapter 11 (11 USC) petition. On the eve of the rescheduled foreclosure sale, the lease was transferred to the Spectee Group, a shell corporation crudely mirroring the transferor, which then filed its own chapter 11 petition in bankruptcy for the purpose of obtaining another automatic stay. The mortgagee's counsel immediately wrote to respondent that if this latest sham petition were not withdrawn, he would seek sanctions for abuse of the bankruptcy process. When respondent refused, the mortgagee moved for dismissal of the petition or relief from the automatic stay, as well as sanctions against respondent for contempt.

After a hearing on the motion, the Bankruptcy Court lifted the automatic stay, finding the petition to have been filed in

bad faith as part of a subterfuge to circumvent legal process. The motion for contempt sanctions was denied without prejudice, and the foreclosure sale was again rescheduled. Respondent then sought a temporary restraining order, on the ground that Spectee was prepared to propose a confirmable reorganization plan, and commenced an adversary proceeding to enjoin the forthcoming sale.

The Bankruptcy Court scheduled a hearing on the preliminary injunction, but warned respondent that he would be subject to sanctions if there were no merit to the plan. Following the hearing, the court concluded that respondent's plan was not feasible, and entertained the mortgagee's motion for sanctions. After hearings on this issue, the court concluded that respondent had acted in bad faith by manipulating the bankruptcy process to frustrate foreclosure of the mortgage. Specifically, respondent and his clients were found to have wasted the court's time by testifying falsely, proffering backdated documents, and proposing a plan they knew could never be confirmed. The court awarded sanctions of $27,258.37 (the mortgagee's costs), ruling that respondent had personally colluded in this fraudulent scheme.

By order of November 4, 1998, this Court sustained all of petitioner's charges, to wit:

● Respondent's disbursement of escrow funds without authorization was a breach of fiduciary duty to clients Liebert and Gonzalez, constituting conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

● Respondent's simultaneous representation of clients with differing interests in the Gonzalez matter, as well as his own personal financial interest in the case, constituted a conflict of interest, in violation of DR 5-105 (B) and DR 5-101 (A) (22 NYCRR 1200.24 [b]; 1200.20 [a]).

● In orchestrating a bogus transfer of assets to the Spectee Group and then filing Spectee's meritless chapter 11 petition, respondent knowingly engaged in conduct that harassed and maliciously injured the foreclosing mortgagee, in violation of DR 7-102 (A) (1) (22 NYCRR 1200.33 [a] [1]).

● In furtherance of the Spectee scheme, respondent intentionally misstated facts and created false evidence, in violation of DR 7-102 (A) (5) and (6), while knowingly assisting his client in fraudulent conduct, in violation of DR 7-102 (A) (7) (22 NYCRR 1200.33 [a] [5], [6], [7])—conduct amounting to dishon-

esty, fraud, deceit or misrepresentation, in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

• Respondent's bad-faith filing and prosecution of the Spectee bankruptcy petition constituted conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Suspension from practice is far too lenient a sanction for respondent's misconduct, considering the seriousness and the cumulative nature of these discrete acts committed over the course of several years (*see, Matter of Friedman,* 196 AD2d 280, *appeal dismissed* 83 NY2d 888, *cert denied* 513 US 820). Respondent's proffer in mitigation failed to overcome the necessity of the ultimate sanction in this case.

Accordingly, the petition to confirm the Referee's recommendation should be denied, and respondent should instead be disbarred immediately, and his name stricken from the roll of attorneys authorized to practice law in this State. Respondent's cross motion should similarly be denied.

NARDELLI, J. P., TOM, WALLACH, RUBIN and ANDRIAS, JJ., concur.

Motion to confirm the Determination of the Hearing Panel which affirmed the Referee's report and recommendation to suspend respondent and cross motion to, *inter alia,* impose a lesser sanction than recommended, both denied; and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, effective immediately.