[726 NYS2d 401]

In the Matter of Ross M. GADYE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 24, 2001

### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Howard Benjamin* of counsel (*Gentile, Brotman, Maltz & Benjamin,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Ross M. Gadye was admitted to the practice of law in the State of New York by the Second Judicial Department on February 25, 1987. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department. Respondent is also admitted in New Jersey and the District of Columbia.

On April 16, 1999, a Referee was appointed, and on April 22, 1999, respondent was served with a notice and statement of charges, accusing him of 13 violations of the Disciplinary Rules based on allegations of misconduct regarding his handling of two bankruptcy cases and a matrimonial matter. In sum, the Departmental Disciplinary Committee (the Committee) alleged that

> "(1) in connection with a bankruptcy filing for Jeanette Samuel, he counseled and/or assisted his client in engaging in fraudulent conduct, prepared and filed a bankruptcy petition containing false information with the intent to defraud and engaged in other conduct involving a conflict of interest and

conduct prejudicial to his client; (2) in connection with a bankruptcy filing for Katherine O. Roth, he neglected the matter by failing to return Ms. Roth's numerous calls and requests for information as to the status of her matter and to correct an error in her bankruptcy petition; and (3) in connection with a matrimonial action for Nancy Vega, he neglected the matter by failing to return Ms. Vega's calls and otherwise keep her adequately informed of the status of the matter and to promptly file an affidavit of service and the proposed judgment of divorce."

The Committee alleged that respondent's actions constituted a basis for its allegations that respondent had: engaged in conduct involving dishonesty, fraud, deceit or misrepresentation (Code of Professional Responsibility DR 1-102 [a] [4] [22 NYCRR 1200.3]); engaged in conduct prejudicial to the administration of justice (DR 1-102 [a] [5]); engaged in conduct involving a conflict of interest (DR 5-101 [a] [22 NYCRR 1200.20]); neglected a legal matter (DR 6-101 [a] [3] [22 NYCRR 1200.30]); engaged in conduct prejudicial or damaging to a client during the course of the professional relationship (DR 7-101 [a] [3] [22 NYCRR 1200.32]); and counseled or assisted a client in illegal or fraudulent conduct (DR 7-102 [a] [7] [22 NYCRR 1200.33]).

On May 10, 1999, respondent answered the charges, and on June 9, 1999, the parties entered into a prehearing stipulation as to many alleged facts and exhibits, as well as amendments to two of the charges. Hearings were held from June 9 to June 11, 1999. The Committee called former clients of the respondent to testify against him and relied on the admitted facts in the prehearing stipulation and exhibits. Respondent testified in his defense but called no other witnesses.

On June 16, 1999, the Committee received new allegations of misconduct and it served the respondent with a supplemental statement of charges alleging an additional 11 violations, concerning respondent's neglect and other misconduct involving two additional bankruptcy matters. On January 3, 2000, the parties entered into a supplemental stipulation in which respondent admitted all of the factual allegations and charges in the supplemental charges which alleged violations of DR 1-102 (a) (5) (engaging in conduct prejudicial to the administration of justice); DR 6-101 (a) (3) (neglecting a legal matter entrusted to him by a client); DR 7-102 (a) (1) (filing a suit knowing that such action would serve merely to harass or

maliciously injure another); and DR 7-106 (a) (22 NYCRR 1200.37) (disregard for a ruling of a tribunal made in the course of a proceeding).

Following a second hearing, the Referee sustained all of the charges respondent admitted to in the two stipulations. However, the Referee dismissed three of the original charges, as not rising to the level of a violation of DR 6-101 (a) (3). The Referee did not expressly rule on the last of the supplemental charges. Following a sanction hearing held on June 29 and August 2, 2000, both parties jointly recommended a five-year suspension from the practice of law. The Referee adopted this recommendation and, by a formal report dated October 4, 2000, detailed his conclusions as to sanction.

By a report and recommendation dated December 14, 2000, a Hearing Panel confirmed the Referee's determination of charges but modified the sanction, recommending disbarment. In all, 20 charges of misconduct were sustained against respondent stemming from his representation of five clients.

The Departmental Disciplinary Committee is now seeking an order pursuant to 22 NYCRR 603.4 (d), confirming the findings of facts and conclusions of law set forth in the Hearing Panel's determination, and imposing the sanction of disbarment.

Respondent cross-moves for an order disaffirming the Hearing Panel's recommendation of disbarment and confirming the Referee's recommendation of a five-year suspension.

The record supports the Hearing Panel's determination that respondent neglected numerous client matters, that he engaged in bad faith court filings, failed to comply with court orders, failed to advise of conflict of interest issues, and repeatedly committed acts of dishonesty, fraud, and misrepresentation, including his participation in a fraud upon the Bankruptcy Court (*see, e.g., Matter of Gelbwaks*, 260 AD2d 47 [attorney disbarred for collusion with client in sham transfer of assets to elude a creditor, bad faith bankruptcy filings, unauthorized disbursement of large sum of client funds, impermissible conflict of interest with client in a financial transaction]; *Matter of Klapper*, 253 AD2d 72 [attorney disbarred for neglect of several matters, failure to timely pay court imposed sanction, undignified conduct in court, failure to pay a judgment as well as disciplinary history]; *Matter of Friedman*, 196 AD2d 280, *appeal dismissed* 83 NY2d 888, *cert denied* 513 US 820, [attorney disbarred for pattern of dishonest conduct including giving and soliciting of false testimony, and failure to disclose a fraud on the court]).

Similarly appropriate is the recommended sanction of disbarment in light of the two findings of intentional dishonesty, fraud and misrepresentation, including the filing of a knowingly false bankruptcy petition, as well as the other 18 sustained charges. It is additionally significant that the respondent failed to timely answer numerous outstanding complaints, to provide the Panel with an adequate response for information and to register with OCA. These aggravating factors support the Panel's conclusion that respondent is unfit to practice law. While lesser sanctions have at times been imposed, they were done in cases where, unlike here, the acts of neglect and dishonesty were less egregious and/or there were significant mitigating factors (*see, e.g., Matter of Kantor*, 241 AD2d 103, *lv denied* 92 NY2d 813 [attorney sanctioned with five-year suspension for neglect of one matter, for scheme to conceal neglect over four-year period through creation of false documents, and for failure to file tax returns]).

Accordingly, the Departmental Disciplinary Committee's petition to confirm the Hearing Panel's findings of fact, conclusions of law and recommended sanction should be granted, respondent disbarred, and his name stricken from the role of attorneys and counselors-at-law. Respondent's cross-motion for imposition of a five-year suspension should be denied.

SULLIVAN, P. J., ROSENBERGER, MAZZARELLI, WALLACH and BUCKLEY, JJ., concur.

Petition granted, determination of Hearing Panel confirmed, respondent disbarred, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective June 25, 2001. Cross motion denied.