OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on December 10, 1962. At all relevant times, respondent has maintained an office for the practice of law within the First Judicial Department.
On January 29, 2007, the Departmental Disciplinary Committee served respondent with formal charges in connection with his conduct towards a client Roger Crowley who had filed a complaint against respondent with the Committee. The four charges alleged that: by threatening suit and then bringing suit against a client and complainant to the Committee, respondent prejudiced the administration of justice in violation of Code of Professional Responsibility DR 1-102 (a) (5), prejudiced or damaged his client in violation of DR 7-101 (a) (3), and sued merely to harass or maliciously injure another in violation of DR 7-102 (a) (1) (22 NYCRR 1200.3, 1200.32, 1200.33) (charge one); by failing to appear on his own motion to dismiss without notice, and by failing to discontinue his lawsuit against Mr. Crowley, he violated DR 1-102 (a) (5) and DR 7-102 (a) (1) (charge two); by neglecting Mr. Crowley’s legal matter and failing to return an unearned fee, he violated DR 6-101 (a) (3) and DR 2-110 (a) (3) (22 NYCRR 1200.30, 1200.15) (charge three); and by engaging in all of the conduct specified, he engaged in conduct that adversely reflects on his fitness to practice law in violation of DR 1-102 (a) (7) (charge four).
Respondent submitted an answer on February 6, 2007, denying all of the charges and alleging that there was never an attorney-client relationship with Crowley; that the complaint was Mr. Crowley’s attempt to extort money from him; that the Committee was aware he intended to sue Mr. Crowley but never protested or cautioned him about his intention to sue Mr. Crowley; that the statute of limitations had run on the proceedings; and that the lawsuit was based on fact and was not retaliatory.
The Referee’s hearing commenced with the hearing and determination of respondent’s motion in limine, which was denied by the Referee except as to respondent’s request for an adjournment of proceedings. Thereafter, the Referee held two days of hearings on the charges at which Mr. Crowley testified and 19 exhibits were offered into evidence. Respondent, who appeared pro se, did not testify, called no witnesses, and had one exhibit marked for identification.
*96 Based upon the evidence before him the Referee found that, in July 2000, Roger Crowley, an architect, received an unsolicited telephone call from a woman representing the Alliance Group offering to help him collect a $2,000 judgment he had obtained in Small Claims Court, After speaking to one John Cooper and receiving some faxed printed matter with the heading “Alliance Partners Group” and “Alliance Legal Access,” Mr. Crowley signed a contract with Alliance and paid a $450 fee. Some 60 days later, when he called to find out how the collection was going, Crowley was told by Cooper that the matter had been turned over to the legal staff and Cooper gave him respondent’s name and suggested that he call respondent in about 10 days at Alliance. Thereafter, despite numerous conversations with respondent over the course of 2001, in which he gave various excuses for the lack of progress and assured Mr. Crowley that the collection matter would move forward, Mr. Crowley wrote to Cooper and respondent at Alliance’s address on January 23, 2002, demanding a refund and telling respondent that he was going to report him to the Departmental Disciplinary Committee.
In response to the letter, respondent called Mr. Crowley and wanted to know why he was being threatened and what Crowley wanted. Crowley told respondent that his $450 fee should be returned because he had received no services for the past year. When asked about Alliance, respondent denied any association with them and told Crowley that if he complained about him he would sue him for whatever he was worth. Although respondent offered to continue helping to collect the debt, Crowley refused and, in February 2002, wrote a letter of complaint to the Committee.
Respondent answered the disciplinary complaint, stating that he did not represent Crowley, and, a few weeks later, respondent served Mr. Crowley with a summons and complaint seeking $1.75 million in compensatory and punitive damages based on his having filed a “bogus complaint with the Departmental Disciplinary Committee ... all to the [pjlaintiff s damage . . . for extortion, damage to the plaintiff’s reputation, mental anguish, and business loss.” Mr. Crowley appeared pro se and served an answer whereupon respondent served a demand for interrogatories. At that point, Crowley offered to withdraw the disciplinary complaint if respondent terminated the litigation. "When no response was received, Crowley withdrew his offer and served an amended answer. Respondent then served Crowley *97 with a motion to dismiss returnable July 22, 2002. Crowley prepared a cross motion which he brought to court on the return date. After sitting through the entire calendar call without respondent’s motion being called, the court clerk informed Crowley that there was no record of the case. Crowley, who had not spoken to respondent since that February, had received no notice from respondent prior to the return date that the matter was not on the court’s calendar.
The Referee found Mr. Crowley “completely credible” and, in rejecting respondent’s contention that there was no attorney-client relationship between the two of them because there was no written document or payment of a fee, found:
“[t]he documents indicate the retention of Alliance by Crowley. Respondent admitted sharing offices with Alliance, (admitting that he was a sub-tenant) having a desk and telephone, with his name on the door and paying no rent, except rendering legal service in the nature of opinions on collectability of debts. He admitted speaking to Crowley on the phone but never met him. He admitted taking referrals from Alliance and representing them when his own interest was involved e.g. defending an ejectment action against the landlord . . . , and forming a corporation for them. In addition Respondent never gave Crowley an address or phone number other than Alliance’s and his pleadings in the Supreme Court action against Crowley contained that same address.”
The Referee sustained charge one, finding that respondent had threatened Crowley with a lawsuit and then brought an action against a complainant to the Committee. The Referee concluded that such conduct was adverse to the administration of justice, it prejudiced or damaged a client in the course of a professional relationship, and by filing suit, it was obviously meant to harass or maliciously injure another (DR 1-102 [a] [5]; DR 7-101 [a] [3]; DR 7-102 [a] [1]). The Referee noted that, during his deposition, respondent stated: “I think I sued him because what he did is, he complained here [to the Committee], number one.”
In sustaining charge two, the Referee noted that respondent instituted an action and, during the course of it, he served a notice of motion for summary judgment and failed to inform Crowley that it had not been placed on the calendar for the return *98 date. Crowley, pro se, sat through the entire calendar call before discovering that the matter was not on, and respondent failed to pursue or discontinue his suit for damages and punitive damages against Crowley. Accordingly the Referee found respondent had violated DR 1-102 (a) (5) and DR 7-102 (a) (1). The Referee also sustained charge four, finding that all of the aforementioned conduct adversely reflected on respondent’s fitness to practice law in violation of DR 1-102 (a) (7).
The Referee did not sustain charge three because he found that there was no proof that respondent participated in the fee paid to Alliance nor that he was personally obligated to return the unearned fee. While there was some evidence that respondent neglected Crowley’s collection matter, “over all” the Referee could not sustain all aspects of that charge.
During the sanction phase of the hearing, the Committee introduced as aggravating factors four admonitions previously issued to respondent dating back to 1992, two of which the Referee noted were “particularly relevant.” Although the Referee did not elaborate, one admonition respondent received included a specific warning against harassing a debtor respondent was pursuing in violation of DR 7-102 (a) (1), one of the charges sustained by the Referee herein. Another admonition included a finding of a lack of credible evidence for respondent’s explanation of his conduct in another matter. In addition the Referee concluded:
“[a]nother factor was Respondent’s lack of candor with the Committee and at the Hearing. He had many arguments but would not testify under oath. His misunderstanding of the law with respect to [b]urden of proof should have been assuaged after the first session when I informed him that the Court of Appeals had already ruled that the [b]urden was a fair preponderance of the evidence, unless he was attempting to use this case to raise the question again in this Department.
“He tried to distance himself from the individuals who were Alliance. He said they all used assumed names and he tried to stay away from them, especially after being involved as a material witness for the District Attorney of Duchess County against Alliance. Yet he continued to use their facilities and their address.
*99 “His accusations of misbehavior by the Staff and his abusive cross-examination of the complaining witness indicated his failure to acknowledge any misconduct on his part.
“There was no evidence of mitigating factors. Respondent offered no testimony, called no witnesses, offered no character letters, although invited by me to do so, nor produced documentary proof of health problems. In argument, he often referred to his health problems but said, in final argument, that age and health problems should not be considered in mitigation.
“I find no merit in Respondent’s argument that he could not withdraw his action against Crowley without getting into trouble with the Committee. All he had to do was discontinue, without any quid pro quo.
“I agree with the Staff that a suspension of Respondent is indicated. I also agree with the recommendation of a one year period. Respondent has stated that he is 95% retired and is just winding up some unfinished collection cases. A more severe penalty, under the circumstances, is not necessary. However, the profession has to be reminded that this sort of behavior may not be tolerated. In Matter of Levy, 37 NY2d 279, it was held that while a disciplinary hearing has punitive aspects, the main purpose is the public interest.”
A Hearing Panel subsequently heard oral argument and in a report agreed with the Referee’s findings on the charges and concurred with the recommended sanction of a one year suspension. The Panel found that respondent’s baseless suit against Crowley interfered with the disciplinary process and was intentional conduct that prejudiced a client, in violation of the Code of Professional Responsibility. The Panel concluded that respondent’s conduct in suing Mr. Crowley and then abandoning his motion without notice maximized the burden and inconvenience to a pro se party.
The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) confirming the Referee’s and the Hearing Panel’s findings of fact and conclusions of law, and sanction recommendation, and suspending respondent from the practice of law for no less than one year.
*100 Respondent, pro se, opposes the petition in its entirety, arguing, among other things: his demand for discovery and an adjournment was wrongfully denied; prosecutorial misconduct by the Committee; the findings of misconduct were not supported by the credible evidence; reversible errors were committed by the Referee; the complaint was five years old when acted upon and the Committee had prior notice of his intention to sue the complainant but did nothing; and a vigorous defense does not constitute lack of remorse or an admission of guilt as found by the Referee.
In reply, the Committee argues that respondent has restated as “reversible error” virtually every objection and argument made by him and rejected by the Referee and the Hearing Panel, including the claims of wrongful denial of discovery, prosecutorial misconduct, coaching of the witness, and denial of his ability to question Mr. Crowley about his “alternative lifestyle.” It points out that, although respondent was given ample opportunity to present his defense, he declined to call any witnesses or to testify on his own behalf, instead offering only one exhibit, a blank Committee complaint form. The Committee also contends that respondent has failed to offer any support for his allegation that the witness’s testimony was “doctored” and cites no case law to support his claim that his defenses to the charges are valid or that reversible errors were made. Respondent did not present any evidence in mitigation and, as he did before the Committee, has not offered any legal argument or precedent to support a less severe sanction.
The evidence shows that respondent threatened to sue Mr. Crowley when he advised respondent that he would complain to the Committee about respondent’s failure to bring a collection suit on his behalf as promised. Within weeks of receipt of Crowley’s disciplinary complaint, respondent followed through with his threat and sued Crowley for $1.75 million specifying that the damages were due to the fact that Mr. Crowley had complained to the Committee about him. Respondent then served Crowley with interrogatories and a motion for summaiy judgment, which, without notifying Crowley, he never placed on the court calendar.
Although there are no cases directly on point, we find that, in light of numerous aggravating factors, the recommended one year suspension is an appropriate sanction for respondent’s intentional harassment of a former client which interfered with the disciplinary process.
*101 In determining an appropriate sanction, the Referee and Hearing Panel properly considered cases involving attorneys who had commenced harassing or frivolous lawsuits against individuals (Matter of Gadye, 283 AD2d 1 [2001]; Matter of Yao, 250 AD2d 221 [1998]), and attorneys who interfered with the disciplinary process by either asking the complainants to withdraw their disciplinary grievance or offered them money to do so (Matter of Smith, 120 AD2d 208 [1986], appeal dismissed and Iv denied 69 NY2d 983 [1987]; Matter of Goldberg, 82 AD2d 572 [1981]). A case involving an attorney who used harassing tactics against a pro se party in violation of the Code was also considered (Matter of Heller, 9 AD3d 221 [2004], lv denied 3 NY3d 607 [2004]).
In addition, the Referee concluded that there were several factors in aggravation and no factors in mitigation. Respondent’s disciplinary history consisted of four prior admonitions (one of which included a warning against harassing a debtor), he showed no remorse and failed to acknowledge his misconduct as evidenced by his “abusive” cross examination of the witness, and he lacked candor with the Committee and before the Referee. The one year suspension on balance is a sufficient sanction for the misconduct at issue and gives notice to the bar that this behavior will not be tolerated.
Accordingly, the petition should be granted, the findings of fact and conclusions of law of the Referee and the Hearing Panel and the recommended sanction should be confirmed, and respondent suspended from the practice of law in the State of New York for a period of one year and until further order of this Court.
Andrias, J.E, Friedman, Gonzalez, Nardelli and Catterson, JJ., concur.
Respondent suspended from the practice of law in the State of New York for a period of one year, effective the date hereof and until further order of this Court.