[675 NYS2d 354]

In the Matter of MICHAEL J. KLAPPER (Admitted as MICHAEL JAY KLAPPER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 4, 1998

## APPEARANCES OF COUNSEL

*Deborah A. Scalise* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Michael J. Klapper was admitted to the practice

of law in New York by the First Judicial Department on April 7, 1980, as Michael Jay Klapper, and at all times relevant to this proceeding has maintained an office for the practice of law within this Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iii), immediately suspending respondent from the practice of law based upon his failure to comply with the lawful demands of the Committee made in connection with the Committee's investigation, failure to participate in the Committee's hearing process and substantial admissions that he has committed acts of serious professional misconduct.

On or about October 21, 1997, the Committee filed charges against respondent, who has a prior disciplinary history consisting of two letters of admonition and a private reprimand, in connection with four separate matters, alleging 15 charges of professional misconduct and violations of Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8), DR 2-105-a, DR 2-110 (A) (3), DR 6-101 (A) (3), DR 7-102 (A) (7) and DR 7-106 (A) and (C) (2), (6) and (7) (22 NYCRR 1200.3, 1200.10-a, 1200.15, 1200.30, 1200.33, 1200.37). The charges alleged that respondent is guilty of unethical practices and professional misconduct as a consequence of, *inter alia*, his neglect of a client matter, his failure to pay a court-ordered sanction imposed against him during a bankruptcy proceeding and a court-ordered judgment entered against him in a personal landlord-tenant matter, his failure to provide a written retainer agreement and statement of client's rights and responsibilities in a domestic relations matter, his advice to a client to testify falsely before a tribunal, his undignified and discourteous conduct in court during a trial and his use of profanity and racially biased references during telephone conversations with his former landlord and a client.

After the first day of a hearing before a Hearing Panel of the Committee, respondent agreed to enter into a stipulation admitting to most of the outstanding charges, and on February 17, 1998, before the Hearing Panel, respondent and petitioner signed the stipulation.* Respondent made admissions at that time that he violated 18 Disciplinary Rules. At the conclusion

---

* Respondent admitted Charges 1, 2, 3, 4, 5, 6, 10, 11, 12 (except that he denied that he used profanity), 13 and 14, as well as the facts set forth in the Statement of Charges that support these charges. The Committee withdrew Charges 7, 8, 9 and 15.

of the February 17, 1998 hearing, respondent was directed to inform staff within one day as to how he planned to proceed in mitigation at the hearing on sanction scheduled for the following week. Respondent failed to contact the staff as directed and failed to appear at the hearing on sanction. Thereafter, respondent was notified that because of his failure to appear he was deemed in default pursuant to 22 NYCRR 605.12 (c) (4), that the Committee would be seeking his immediate interim suspension from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) and (ii) and that the sanction hearing would proceed on the next scheduled hearing date. Respondent has neither contacted the Committee nor appeared at any hearing after February 17, 1998. Nor has he interposed a response or communicated with the Court with regard to this motion to suspend him from the practice of law.

Accordingly, in view of respondent's failure to respond to the Committee's lawful demands and failure to participate in the hearing process, despite ample opportunity to do so, the Committee's motion for respondent's immediate suspension pursuant to 22 NYCRR 603.4 (e) (1) (i) should be granted. (*See, Matter of Gordon*, 142 AD2d 135, 137.) Respondent's suspension is also warranted pursuant to 22 NYCRR 603.4 (e) (1) (iii) on the basis of uncontested evidence of professional misconduct, i.e., his admissions that he has violated 18 Disciplinary Rules with respect to four separate matters.

SULLIVAN, J. P., ROSENBERGER, NARDELLI, RUBIN and ANDRIAS, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, and until the further order of this Court.