[685 NYS2d 702]

In the Matter of MICHAEL J. KLAPPER (Admitted as MICHAEL JAY KLAPPER), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 25, 1999

**APPEARANCES OF COUNSEL**

*Deborah A. Scalise* and *Kathleen Feerick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Michael J. Klapper,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent Michael J. Klapper was admitted to the practice of law in New York by the First Judicial Department on April 7, 1980, as Michael Jay Klapper, and at all times relevant to this proceeding has maintained an office for the practice of law within this Department.

On or about October 21, 1997, the Departmental Disciplinary Committee served respondent with a notice and statement of charges alleging 15 charges of professional misconduct and violations of the Code of Professional Responsibility. (*Matter of Klapper*, 242 AD2d 152.)

On June 4, 1998, (*supra*), this Court granted the motion of the Departmental Disciplinary Committee for an order pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iii), immediately suspending respondent from the practice of law based upon his failure to comply with the lawful demands of the Committee made in connection with the Committee's investigation, failure to participate in the Committee's hearing process and substantial admissions that he has committed acts of serious professional misconduct.

As set forth in our prior opinion, on the second day of a hearing before a Hearing Panel convened to hear evidence with respect to the charges against respondent, respondent entered into a stipulation in which he admitted that he had engaged in most of the charged misconduct. (*Matter of Klapper, supra*, 242 AD2d 152.) After respondent failed to appear at the sanction portion of the hearing, he was deemed in default pursuant to 22 NYCRR 605.12 (c) (4) and suspended on an interim basis. By a report and recommendation dated June 8, 1998, the Hearing Panel sustained the charges admitted by respondent, based on the stipulation and the record.* These charges involved four separate complaints. The Panel recommended that respondent be disbarred based upon, *inter alia*, his misconduct in this proceeding, his default, and his prior disciplinary history.

Three of the complaints against respondent involved his representation of clients, while the fourth related to personal transactions between respondent and his landlord. As to the first, a domestic relations matter, in which respondent

---

* The Panel sustained Charges 1-6, 10, 11, 12, except insofar as it referred to the use of profanity, 13 and 14.

represented a father seeking visitation rights, the Panel found that respondent failed to file a notice of appeal on the client's behalf, failed to provide a written retainer agreement as required by Code of Professional Responsibility DR 2-106 (C) (2) (22 NYCRR 1200.11) and failed to refund the unearned portion of the retainer fee. (DR 6-101 [A] [3]; DR 2-105-a, DR 2-110 [A] [3] [22 NYCRR 1200.30, 1200.10-a, 1200.15].) In addition, the Panel found that respondent used profanity and made threatening statements and racially biased references in recorded messages left on the client's answering machine. (DR 1-102 [A] [8] [22 NYCRR 1200.3].)

The second complaint against respondent related to a Chapter 13 petition respondent filed on behalf of a client in Bankruptcy Court in the Eastern District of New York. The Panel concluded that, in contravention of Chapter 13 practice, the petition not only indicated that there was no available income for the Bankruptcy Court to devise a plan to pay off the debtor's creditors, but respondent also failed to indicate that the debtor had filed for bankruptcy at least twice within six years of filing of the petition and knowingly and falsely indicated that the debtor was a resident of Queens when, in fact, he resided in California. In addition, respondent was sanctioned by the Bankruptcy Court after he indicated that he had never been served with the Chapter 13 Trustee's motion to dismiss, when, in fact the motion papers were at the top of papers respondent had brought into court and were in plain view of the Judge and the Trustee. Respondent failed to pay the $500 sanction within the period specified in the order and did not pay the sanction until eight months later (DR 1-102 [A] [5]; DR 7-106 [A] [22 NYCRR 1200.37]).

As to the third matter, the Panel found that respondent represented a party providing support in connection with a request for upward modification of a support order. At a series of hearings before a Family Court Hearing Examiner, respondent asked witnesses irrelevant questions intended to degrade them, spoke to his client while he was on the witness stand testifying, made disrespectful comments and engaged in disruptive and undignified conduct (DR 1-102 [A] [5], [8]; DR 7-106 [C] [7]). With respect to the fourth matter, the Panel concluded that respondent failed to pay a judgment in the amount of $7,155 for, *inter alia*, outstanding rental fees, obtained against him by his landlord. (DR 1-102 [A] [5]; DR 7-106 [A]).

Although respondent failed to appear to present matters in mitigation and to respond to questions about matters in ag-

gravation presented by the Committee, he did present matters in mitigation in his answer. The Panel, after considering matters in mitigation, found "entirely unpersuasive" respondent's claim, as to the charge that he did not provide a written retainer agreement, that he provided the client at the inception of the attorney-client relationship with a written statement setting forth the fee arrangement and hourly rate. Also found to be "entirely unpersuasive" was respondent's claim, as to the charge that he, *inter alia*, made threatening statements to his client, that he, his wife and an employee "had been subject repeatedly, either on the telephone or in person, to abusive, threatening, profane, racially-biased tirades by [his client]." The Panel found respondent's claim, with respect to the charge that respondent failed to pay the judgment to his landlord, that it "should be declared null and void, to the extent that [the court] finds the relevant lease to have expired and then assesses rent and legal fees due and owing under the lease for a period of months subsequent to [the] expiration [of the lease]," unsupported by proof and, in any event, "entirely inadequate in view of [r]espondent's conduct."

In aggravation, the Panel found that respondent's answer was not consistent with the stipulation and that his attempts to establish the consistency between the two, which were not credited by the Panel, "suggested verbal skill rather than candor." The Panel also cited "a number of other issues" in which respondent was "disrespectful of the truth." In addition, the Panel considered respondent's prior disciplinary history, criminal convictions arising out of his interruption of court proceedings and a confrontation with tenants of a client and failure to pay surcharges and a fine in connection therewith, aggravated disrespect for the courts and aggravated conduct with clients, witnesses and adversaries. The Panel concluded: "Respondent's conduct has been consistently unethical and antisocial. He has admitted to a host of ethical violations among the current Charges. He has a history of prior ethical violations. His disregard for the truth, the courts, clients, adversaries and the community is apparent. Disbarment might not be justified by any single act taken in isolation. However, the cumulative effect of what he has done makes it apparent to this Panel that [respondent] should not be permitted to act as a lawyer in this State. Respondent should be disbarred."

The Departmental Disciplinary Committee moves for an order confirming the Hearing Panel's report and recommendation that respondent be disbarred. In opposition, respondent

accepts no responsibility for his conduct and fails to address the relevant issues. Rather, he criticizes various participants in the disciplinary process, including the Committee's counsel and the Panel chair and accuses them of misconduct.

The Committee's petition should be granted, the Hearing Panel's report and recommendation should be confirmed and respondent should be disbarred. The record demonstrates respondent's utter disregard for authority and the rule of law as well as the ethical standards of the legal profession.

Accordingly, the motion should be granted and respondent's name should be stricken from the roll of attorneys.

SULLIVAN, J. P., ROSENBERGER, NARDELLI, RUBIN and ANDRIAS, JJ., concur.

Petition granted, the report and recommendation of the Hearing Panel confirmed, and respondent disbarred from the practice of law in the State of New York, all effective the date hereof.