[731 NYS2d 437]

In the Matter of SCOTT H. ROBB (Admitted as SCOTT HALL ROBB), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 23, 2001

### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Bernard Stollman* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Scott H. Robb, was admitted to the practice of law in the State of New York by the Second Judicial Department on March 18, 1970, as Scott Hall Robb. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Central to this proceeding are the findings made against respondent by the Delaware Chancery Court in *BelCom, Inc. v Robb* (1998 WL 229527, 1998 Del Ch LEXIS 58 [April 28, 1998]). The court found that respondent, who was director and shareholder of BelCom, as well as its sublessor, breached his duty of loyalty by submitting unsupported and frivolous invoices in the amount of $2.5 million for legal fees and office services in retaliation for BelCom's relocation of its offices and termination of consulting agreements with respondent's

associates. Respondent also breached his duty of loyalty by initiating a broad and well-orchestrated campaign of letters and documents containing unfounded or unsupportable allegations of wrongdoings by BelCom, and its parent company Comsat, that were sent to various governmental agencies and to BelCom in order to coerce BelCom and its affiliates into submitting to his demand for fees. The court, among other things, awarded judgment in favor of BelCom and against respondent in the amount of $50,000 in damages, and permanently enjoined respondent, and anyone acting in concert with him, from taking any action against BelCom or Comsat with respect to his claims for legal fees and office services. The court denied respondent's motion for reconsideration. Pursuant to respondent's appeal, the Delaware Supreme Court affirmed the Chancery Court's decision in all respects (*Robb v BelCom, Inc.,* 725 A2d 443 [Del, Jan. 20, 1999]). On February 11, 1999, the Delaware Supreme Court denied respondent's motion for reargument and for rehearing en banc.

By petition dated January 26, 2000, the Departmental Disciplinary Committee moved for an order pursuant to 22 NYCRR 603.4 (d), Judiciary Law § 90 (2), and the doctrine of collateral estoppel, finding respondent guilty of professional misconduct in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (8) (now [7]), DR 2-106, DR 5-104 and DR 7-102 (a) (6) (22 NYCRR 1200.3, 1200.11, 1200.23, 1200.33), and referring this matter back to the Disciplinary Committee for a hearing solely to consider evidence in mitigation or aggravation, if any, and to recommend the appropriate sanction.

This Court granted the petition by order and decision dated June 21, 2000, finding, through collateral estoppel, that defendant had engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (a) (4), in conduct involving the collection of excessive fees in violation of DR 2-106, and in conduct involving the creation or preservation of evidence which he knew or should have known was false in violation of DR 7-102 (a) (6), by submitting the invoices when he knew that they were unsupportable and frivolous. This Court also found that respondent engaged in conduct prejudicial to the administration of justice in violation of DR 1-102 (a) (5) by orchestrating the massive and sustained writing campaign alleging unfounded or unsupported allegations of wrongdoing by BelCom and Comsat. In addition, this Court found that respondent engaged in conduct involving a conflict of interest in violation of DR 5-104 by acting against BelCom's

interests, with whom he had both a business relationship and attorney-client relationship, and failing to fully disclose the conflict and obtain BelCom's consent. Finally, it was found that the foregoing conduct adversely reflected on respondent's fitness to practice law in violation of DR 1-102 (a) (8) (now [7]).

Pursuant to this Court's order, a Referee was appointed to receive evidence solely for the purposes of recommending an appropriate sanction. The sanction hearing was originally scheduled for July 28, 2000, but was adjourned until September 14, 2000, at respondent's request. In late September 2000, the Referee recused herself due to a threatened slander action against her by respondent's counsel, Bernard Stollman, Esq. By order dated October 25, 2000, this Court appointed a new Referee. The Referee conducted the sanction hearing on December 12, 2000, despite numerous attempts by Mr. Stollman to delay the hearing, including the filing of a Federal action naming as defendants, among others, the First Department Disciplinary Committee, a committee staff attorney, the Referee, BelCom, and Comsat Corp.

By a report dated January 18, 2001, the Referee recommended disbarring respondent based upon: (1) this Court's orders granting the petition; (2) the findings of the *BelCom* decision; (3) respondent's default in presenting any evidence in mitigation; and (4) respondent's behavior during the proceeding. The Referee also relied on *Matter of Kroll* (212 AD2d 220, *appeal dismissed* 86 NY2d 855 [disbarment where respondent had falsified expense receipts and collected reimbursements from client for more than $40,000]), *Matter of Geiger* (170 AD2d 134, *lv denied* 79 NY2d 755 [disbarment where respondent overcharged client more than $50,000 in personal expenses]), and *Matter of Klapper* (253 AD2d 72 [disbarment where respondent, among other things, failed to pay court order sanction and judgment, exhibited disruptive and undignified conduct in court, defaulted at sanction hearing, expressed no responsibility for conduct, and criticized the Committee and Hearing Panel, accusing them of misconduct]).

By a report dated April 16, 2001, a Hearing Panel unanimously concurred with the Referee's recommendation of disbarment. In addition to the reasons stated in the Referee's report, the Panel found that respondent, who appeared *pro se* at the hearing and submitted a postargument brief, failed to demonstrate any mitigating factors. The Panel noted that respondent did not offer to explain or excuse his conduct, and showed no remorse. According to the Panel, respondent further

aggravated his initial misconduct by resorting to obstructive and dilatory tactics throughout the proceeding, including demanding that the members of the Panel recuse themselves because they were members of the Committee, a defendant in his Federal suit.

The Committee now moves for an order pursuant to 22 NYCRR 605.15 (e) confirming the findings of fact and conclusions of law set forth in the Hearing Panel's determination as to the Referee's report, and imposing the sanction of disbarment. Respondent failed to submit a response. On July 9, 2001, almost a month after the return date of the Committee's motion, respondent, through counsel, filed a motion requesting that this Court excuse his default in failing to submit a response, and postpone this proceeding.

Respondent proffered explanation for his default—that his attorney had "conflicting professional commitments" and they were unable to file a response timely—is undocumented. Respondent could have requested an extension, but did not. Although shortly after the return date, respondent came to this Court seeking a postponement, he did not take any further steps to secure a stay, adjournment, or other similar relief. This request is consistent with his previous attempts to delay any proceeding related to this matter. His request for a postponement is also consistent with his misconduct in the BelCom matter. The basis for the postponement is a motion before the Delaware Chancery Court filed in February 2001 and scheduled to be heard June 27, 2001, seeking to vacate the BelCom decision. Omitted from respondent's papers is any mention of the fact that the Delaware court denied the underlying motion.

As to the Committee's motion, disbarment is the appropriate sanction in light of respondent's misconduct in the BelCom matter, his violation of the Delaware court injunction prohibiting him from taking any action against BelCom and Comsat with respect to his claim for fees, his default in presenting any evidence in mitigation, and his aggravating pattern of dilatory and obstructive conduct throughout the proceeding, all which demonstrate his disregard for the rule of law as well as the ethical standards of the legal profession.

Accordingly, the respondent's motion to excuse his default and for an adjournment of this proceeding should be denied, the Committee's motion granted, the findings of fact and conclusions of law confirmed, and respondent's name stricken from the roll of attorneys.

SULLIVAN, P. J., ROSENBERGER, WILLIAMS, WALLACH and BUCKLEY, JJ., concur.

Petitioner's motion granted and respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof. Respondent's motion to excuse default and for other relief denied.