■ BROADWHITE ASSOCIATES, Respondent, v MAC TRUONG et al., Appellants. [740 NYS2d 882] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered January 20, 2000, which, after a nonjury trial, inter alia, awarded plaintiff damages in the total sum of $356,509.83 against defendants and imposed sanctions upon defendants for frivolous litigation practices, and order, same court and Justice, entered May 17, 2000, which, inter alia, imposed additional sanctions against defendant Mac Truong in the amount of $5,000, unanimously affirmed, with one bill of costs.

It is well settled that the decision of a trial court sitting as factfinder should not be disturbed upon appeal unless it is obvious that the court's conclusions could not have been reached under any fair interpretation of the evidence, particularly when the findings of fact rest in great part on the court's assessment of the credibility of the witnesses (*see, Thoreson v Penthouse Intl.*, 80 NY2d 490, 495; *K.I.D.E. Assoc. v Garage Estates Co.*, 280 AD2d 251, 253). Here, according the trial court's findings of fact appropriate deference, it is plain that the trial court's conclusions, among them that the lease entered into by plaintiff, as landlord, and defendants, as tenants, was the document produced by plaintiff, that the purported lease offered by defendants had been forged and that defendants' defense of surrender was not legally viable, were premised upon a fair interpretation of the evidence.

The record discloses in addition that the sanctions imposed by the court upon defendants for their unremitting course of obstructionist, frivolous and otherwise contemptuous conduct during this litigation, including disobedience of court orders, were entirely proper (*see*, 22 NYCRR 130-1.1 [a]; *Engel v CBS, Inc.*, 93 NY2d 195, 203). Concur—Tom, J.P., Mazzarelli, Buckley, Lerner and Gonzalez, JJ.