[768 NYS2d 450]

In the Matter of Mac Truong, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, December 2, 2003

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill (Stephen P. McGoldrick* of counsel), for petitioner.

*Mac Truong*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Mac Truong was admitted to the practice of law in the State of New York by the Second Judicial Department on February 17, 1982, and, at all times relevant to this proceeding, has maintained an office for the practice of law within this Department.

The Departmental Disciplinary Committee (Committee) has moved for: (1) an order pursuant to 22 NYCRR 603.4 (d), Judiciary Law § 90 (2), and the doctrine of collateral estoppel, finding respondent guilty of professional misconduct in violation of Code of Professional Responsibility DR 1-102 (a) (4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation) and (a) (5) (engaging in conduct that is prejudicial to the administration of justice); and DR 7-102 (a) (1) (filing a lawsuit, asserting a position, or taking other action knowing that such would serve to harass or maliciously injure another), (a) (2) (knowingly advancing a claim that is unwarranted under existing law) and (a) (4) (knowingly using perjured testimony or false evidence) (22 NYCRR 1200.3, 1200.33); and (2) an order temporarily suspending respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (iii), based upon uncontested evidence of professional misconduct which immediately threatens the public interest. By notice of cross motion, respondent moves to dismiss the petition, or alternatively, for a stay. By separate notice of motion, respondent seeks to amend the original cross motion.

The instant petition is premised, in part, upon a Supreme Court landlord-tenant action entitled *Broadwhite Assoc. v Mac Truong & Maryse Truong* (NY County, Index No. 101759/95) in which the trial court found that respondent, who was representing himself and his wife, offered a forged lease into evidence and gave false testimony in support of this document. The trial court awarded judgment in favor of the landlord, including attorneys' fees, costs and disbursements. The trial court also imposed sanctions upon respondent in the amount of $10,000 since his vexatious behavior was without basis in law or fact and done in bad faith to prolong the litigation. To date, neither respondent nor his wife have satisfied any portion of the judgment or paid their respective sanctions. Respondent's unprofessional conduct continued in postjudgment proceedings, and the

trial court imposed an additional $5,000 in sanctions against him. In addition, the trial court issued interim restraining orders prohibiting respondent and his wife from commencing any litigation against the landlord or its agents and employees without prior court permission.

On appeal, this Court affirmed the trial court's determination that the proffered lease was forged and found that "the sanctions imposed by the court upon defendants for their unremitting course of obstructionist, frivolous and otherwise contemptuous conduct during this litigation, including disobedience of court orders, were entirely proper" (*Broadwhite Assoc. v Truong,* 294 AD2d 140, 141 [2002]). Respondent's motion for leave to reargue and for leave to appeal to the Court of Appeals was subsequently denied.

Despite the court order enjoining respondent from commencing any lawsuits arising from, or related to, the *Broadwhite Assoc. v Truong* action, respondent commenced, without court permission, a series of federal actions in New York and New Jersey, where respondent resides, against the Supreme Court Justice presiding over the trial, the law firm representing the landlord, the landlord and its employees. All of these actions, which, in effect, sought to collaterally attack the underlying judgment, were ultimately dismissed. Respondent also filed a complaint with the State Commission on Judicial Conduct against the judge who had presided over the trial.

In the instant petition, the Committee contends that pursuant to the doctrine of collateral estoppel, the findings of the trial court, as affirmed by this Court, that respondent proffered a forged lease as evidence establishes that he violated Code of Professional Responsibility DR 1-102 (a) (4) and (5), and DR 7-102 (a) (1), (2) and (4).

It is well settled that in order to invoke the doctrine of collateral estoppel, the legal issues raised and resolved in the underlying Supreme Court action must be identical to those which would be decided by the Committee and this Court in a disciplinary proceeding and respondent must have had a full and fair opportunity to litigate those issues before the Supreme Court (*see Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65 [1969]; *Matter of Kramer,* 235 AD2d 87 [1997], *lv denied* 91 NY2d 805 [1998]; *Matter of Yao,* 232 AD2d 346 [1997]). The underlying Supreme Court action and its related litigation clearly satisfy these requirements.

Contrary to his contentions, respondent had a full and fair opportunity to litigate the issues herein in the Supreme Court

action and on its subsequent appeal. Similarly unavailing is respondent's assertion that the application of the doctrine of collateral estoppel is inappropriate, at this time, since his various appeals have not yet been exhausted (*see Matter of Yao* at 348). The record clearly establishes respondent's continual disrespect for the courts and his adversaries, and that his unprofessional, vexatious behavior is undeterred by monetary sanctions or by court-ordered injunctions. After a careful review of the record, we find that respondent's contemptuous behavior poses an immediate threat to the public interest.

Accordingly, we find that respondent is guilty of professional misconduct in violation of DR 1-102 (a) (4) and (5), and DR 7-102 (a) (1), (2) and (4) and refer this matter to the Committee for a hearing solely to consider evidence in mitigation or aggravation, if any, and to recommend an appropriate sanction to be imposed upon respondent.

Further, inasmuch as the trial court's findings are uncontested evidence that respondent purposefully proffered a forged document as evidence and engaged in frivolous litigation, that portion of the petition seeking an order pursuant to 22 NYCRR 603.4 (e) (1) (iii) should also be granted, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, until such time as the disciplinary matters before the Committee have been concluded, and until further order of this Court. The cross motion and motion to amend the cross motion by respondent should be denied in all respects.

MAZZARELLI, J.P., ELLERIN, WILLIAMS, LERNER and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof and until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court, as indicated. Cross motion and motion to amend denied.