[800 NYS2d 12]

In the Matter of MAC TRUONG, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 11, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Stephen J. McGoldrick* of counsel), for petitioner.

*Mac Truong*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Mac Truong was admitted to the practice of law in the State of New York by the Second Judicial Department on February 17, 1982. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Department.

By order entered December 2, 2003 (2 AD3d 27), this Court, pursuant to 22 NYCRR 603.4 (d), Judiciary Law § 90 (2), and the doctrine of collateral estoppel, found respondent guilty of professional misconduct in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (5), and DR 7-102 (a) (1), (2) and (4) (22 NYCRR 1200.3, 1200.33), and temporarily suspended him from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1) (iii), based upon uncontested evidence of professional misconduct immediately threatening the public interest. This evidence was the finding of the trial court in a Supreme Court landlord-tenant action that respondent offered a forged lease into evidence and gave false testimony in support thereof. On appeal from the judgment entered against respondent and his wife in that action, this Court affirmed the trial court's determination that the proffered lease was forged, and sustained the court's imposition of sanctions against the defendants for their "unremitting course of obstructionist, frivolous and otherwise contemptuous conduct during this litigation, including disobedience of court orders" (*Broadwhite Assoc. v Truong*, 294 AD2d 140, 141 [2002]).

The disciplinary matter was referred back to the Committee for a hearing solely to consider evidence in mitigation or aggravation and to recommend an appropriate sanction. Both the court-appointed Referee who heard testimony and a Committee Hearing Panel that heard oral argument recommended that respondent be disbarred.

The Committee now seeks an order, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2), confirming the recommendation of the Hearing Panel which confirmed the findings of fact, conclusions of law and recommended sanction of the Referee, and disbarring respondent as an attorney and counselor-at-law in the State of New York. Respondent cross-moves for an order dismissing the petition, disaffirming the recommendation of the Hearing Panel and the Referee's report and reinstating him to

the practice of law nunc pro tunc from the date of his interim suspension.

The evidence of aggravating circumstances is abundant. The record reflects that the course of frivolous litigation of which we found respondent guilty in the prior proceeding (*Matter of Truong*, 2 AD3d at 29, 30) has continued unabated throughout these proceedings. Indeed, in yet another attempt to reargue the finding of forgery and its legal effect, on the first day of the hearing before the Referee, respondent sought a ruling as to whether he could offer evidence to establish that he did not proffer a forged lease in the *Broadwhite* litigation, and subsequently moved this Court for clarification of the order appointing the Referee. Following the issuance of the Referee's report, respondent moved for an order disaffirming it or, in the alternative, a stay of proceedings pending adjudication of the motion he had filed in the United States Court of Appeals for the Third Circuit to vacate the court's findings of fact in the *Broadwhite* litigation. Moreover, respondent threatened the Referee in writing with a federal lawsuit alleging that the Referee made false, libelous and defamatory statements in his report, and subsequently commenced such an action in the United States District Court for the Southern District of New York.

The evidence in support of both aggravation and mitigation arises primarily from an action filed by respondent against the brokerage firm Charles Schwab in 1997. The Referee heard testimony from an attorney who was retained by another claimant asserting an interest in funds held by Schwab, two attorneys who represented Schwab in the litigation, respondent, and Richard Zweig, an attorney-colleague of respondent's. Zweig had appeared on respondent's behalf in the *Broadwhite* litigation; with regard to that action, he testified before the Referee that respondent had had no intention of submitting a forged lease. Zweig testified that he represented the government of Vietnam in the *Schwab* litigation.

The Referee found that respondent's various explanations for his conduct in both the *Broadwhite* and *Schwab* litigations were "disingenuous and unworthy of belief," and likened respondent's explanation of the discrepancies in the lease offered by the landlord and the one offered in evidence on his behalf to the double-talk of comedian Al Kelly. Based on his observation of Zweig and Zweig's "incredible testimony," as well as the "*total absence*" of any written documentation from the government of Vietnam purporting to retain or authorize Zweig to pursue its

alleged claim to the Schwab funds, the Referee found that respondent conspired with Zweig to devise a plan to free some of the frozen Schwab assets "through a bogus claim from the government of Vietnam to a portion of these funds, which recovered funds were to be split by Zweig and Respondent." The character witnesses who testified and submitted letters in further support of mitigation the Referee found for the most part to have too little real knowledge of or contact with respondent to offer genuine insight into his character.

The Referee found further that respondent refused to acknowledge any wrongdoing whatsoever. Indeed, he described respondent as exhibiting "an almost messianic fervor regarding his own righteousness and everyone else's imperfections." Noting that this Court has consistently ordered disbarment where an attorney has submitted false documents even outside a court proceeding (*see e.g. Matter of Robb*, 287 AD2d 1 [2001]; *Matter of Feldman*, 252 AD2d 76 [1998]); that respondent submitted a forged lease to a court and has engaged in a continuous course of frivolous and contemptuous conduct (*Broadwhite*, 294 AD2d at 141); and that respondent has demonstrated an insistent lack of remorse (*see e.g. Matter of Patel*, 209 AD2d 100 [1995], *lv dismissed in part and denied in part* 87 NY2d 1041 [1996]), the Referee recommended disbarment.

As indicated, the Hearing Panel concurred in the Referee's recommendation. The Panel rejected as mitigation attorney Zweig's testimony as to the *Schwab* litigation, finding that "[t]he story that Zweig and Respondent presented is simply not credible on this record." The Panel found that respondent's pattern of abusive litigation "simply overpowers" the other evidence in support of mitigation, i.e., the character witnesses and letters of recommendation. Moreover, the Panel agreed with the Referee's finding that respondent's "overwhelming self-righteousness nullified whatever favorable consideration he was attempting to obtain in his testimony, and is incompatible with any finding of remorse that would be necessary to support mitigation."

The Panel concluded that, while "[t]he multiplicity of actions that Respondent filed and his tactics within those actions necessarily dominate both the Referee's Report and this Panel's Report[,] [n]evertheless, the case is simply one of an attorney submitting a forged document to a court and then testifying falsely with respect to it, with no admission of culpability, no remorse, and no mitigating circumstances of any magnitude."

Noting that this Court has consistently imposed disbarment in such circumstances (citing *Robb* and *Feldman, supra,* and other cases); that even where the attorney has expressed complete remorse, cooperation and compelling mitigating circumstances, this Court has imposed a lengthy suspension (*see Matter of Furtzaig,* 305 AD2d 7 [2003] [five years]); and that respondent continues in his self-righteous denials, lack of remorse and pattern of baseless litigation, the Panel recommended disbarment.

In his cross motion, respondent once again attempts to relitigate the *Broadwhite* matter. He also advances arguments that he raised, and we rejected, on motions he previously filed in an effort to have our December 2, 2003 order imposing an interim suspension vacated. For example, in an order entered December 14, 2004, we rejected respondent's argument that the judicial findings in the *Broadwhite* litigation, on which, pursuant to the doctrine of collateral estoppel, our suspension order was based, were rendered null and void by orders of the United States Bankruptcy Court for the District of New Jersey dated July 2004 and October 2004. In fact, the Bankruptcy Court's orders merely settled the claims between respondent and Broadwhite Associates.

Respondent now argues also that the United States Court of Appeals for the Third Circuit has vacated the judgment in *Broadwhite.* In fact, the Third Circuit, by order dated May 12, 2005, merely granted respondent's motion for reconsideration of his prior motion to vacate the *Broadwhite* court's findings of fact, which the court denied by order dated October 29, 2004.

Respondent has engaged and continues to engage in legal tactics that, as the Hearing Panel observed, "are so egregious and occur in such serious circumstances that it makes no difference whether these actions are careless [as respondent claims] or deliberately vexatious [as the Committee contends]." Indeed, in a decision dismissing respondent's October 2002 complaint in the United States District Court for the District of New Jersey, naming Broadwhite Associates, employees of Broadwhite, and Broadwhite's New York attorneys as defendants—one of the many lawsuits he commenced arising from or related to the *Broadwhite* action, despite the court order enjoining him from doing so (*see Matter of Truong,* 2 AD3d at 29)—District Judge Dennis M. Cavanaugh described respondent's conduct as, "at best, severe negligence in filing and, at worst, purposeful misrepresentations seeking to mislead the Court." Respondent misrepresented to that court that the Committee's investigation

into the finding in *Broadwhite* that he submitted a forged lease into evidence had been dismissed, and submitted as evidence a letter from the Committee closing an investigation identified only by docket number. However, as the court learned, the letter in fact related to another sua sponte investigation of respondent by the Committee.

The record conclusively establishes that respondent is unfit to practice law. He submitted a forged document to the court in *Broadwhite* and testified falsely in support thereof and, far from demonstrating any remorse, he steadfastly refuses to acknowledge that he committed any misconduct. He is undeterred in frivolous and contemptuous conduct. Disbarment is the appropriate sanction.

Accordingly, the Hearing Panel's recommendation should be confirmed, respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York. Respondent's cross motion should be denied.

MAZZARELLI, J.P., MARLOW, ELLERIN, WILLIAMS and GONZALEZ, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof. Cross motion to dismiss the petition and for reinstatement denied.