**Mac TRUONG, Plaintiff–Appellant,**

v.

**Judith S. KAYE, Defendant–Appellee.**

No. 07–2188–cv.

United States Court of Appeals, Second Circuit.

May 15, 2009.

Mac Truong, pro se.

Andrew M. Cuomo, Attorney General, Barbara D. Underwood, Solicitor General, Benjamin N. Gutman, Deputy Solicitor General, Sasha Samberg–Champion, Assistant Solicitor General, as amicus curiae, for Appellee.

**32**

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Mac Truong appeals *pro se* a March 27, 2007 judgment of the District Court dismissing a suit, brought under 42 U.S.C. §§ 1983 and 1985, alleging, among other things, that defendant-appellee Judith S. Kaye, then Chief Judge of the New York Court Appeals, violated plaintiff's constitutional rights in dismissing his appeal of an order disbarring plaintiff from the practice of law in New York. On appeal, plaintiff argues that the District Court erred in dismissing his complaint on the grounds that it was barred by the *Rooker–Feldman* doctrine. We assume the parties' familiarity with the facts and procedural history of the case.

We review *de novo* the District Court's dismissal pursuant to the *Rooker–Feldman* doctrine. *See Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 83 (2d Cir.2005). Under that doctrine, lower federal courts lack subject matter jurisdiction over claims that effectively challenge state-court judgments. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486–87, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Based on the Supreme Court's decision in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), we have set forth four requirements for the application of *Rooker–Feldman.* "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by the state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been

rendered before the district court proceedings commenced." *McKithen v. Brown,* 481 F.3d 89, 97 (2d Cir.2007) (internal quotation marks omitted) (brackets omitted).

We hold that the District Court properly dismissed plaintiff's complaint under *Rooker–Feldman.* The record clearly shows that: (1) plaintiff lost in New York state court; (2) the underlying injury complained of was his disbarment; (3) plaintiff challenged the New York Court of Appeals' denial of his appeal from the order of disbarment and requested that the District Court find that the state court order was improper; and (4) plaintiff filed his complaint after the state court order was entered. Accordingly, the District Court lacked subject matter jurisdiction over plaintiff's complaint.

In any event, even if the *Rooker–Feldman* doctrine did not bar plaintiff's action, it would be barred independently by the Eleventh Amendment of the U.S. Constitution, *see Woods v. Rondout Cent. Sch. Dist. Bd. of Educ.,* 466 F.3d 232, 240–41 (2d Cir.2006) (claims for monetary damages against agents of the state are barred by sovereign immunity), and by the doctrine of absolute judicial immunity, *Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (judges entitled to absolute immunity absent evidence they acted outside their judicial capacity or in the complete absence of jurisdiction).

We have considered all of plaintiff's remaining claims on appeal and find them to be without merit.

Finally, we note that, since his disbarment in 2005, plaintiff has pursued a course of frivolous and vexatious litigation, under the guise of contesting his disbarment, which was based on a determination of New York courts determined that plaintiff had engaged in an "unremitting course

of obstructionist, frivolous and otherwise contemptuous conduct," *Broadwhite Assocs. v. Truong,* 294 A.D.2d 140, 740 N.Y.S.2d 882, 883 (1st Dep't 2002); *see also In re Truong,* 22 A.D.3d 62, 800 N.Y.S.2d 12, 16 (1st Dep't 2005) (disbarring plaintiff). At least one district court has warned plaintiff that further efforts to file "frivolous and baseless" complaints would result in sanctions. *See McGoldrick v. Truong,* 05–mc–418 (DRD), 2006 WL 436117, at *4, 2006 U.S. Dist. LEXIS 8938, at *10–11 (D.N.J. Feb. 15, 2006). In the instant case, the State did not ask for, and the District Court did not impose, sanctions. However, plaintiff is hereby advised that any future frivolous appeals, motions, or other vexatious filings could result in the imposition of sanctions, including an order barring any future filings, absent approval by the Court. *See Hong Mai Sa v. Doe,* 406 F.3d 155, 158 (2d Cir.2005) ("If a litigant has a history of filing 'vexatious, harassing or duplicative lawsuits,' courts may impose sanctions, including restrictions on future access to the judicial system."); *Sassower v. Sansverie,* 885 F.2d 9, 10 (2d Cir.1989); *In re Martin–Trigona,* 737 F.2d 1254, 1263 (2d Cir.1984); *see also In re Martin–Trigona,* 795 F.2d 9, 12 (2d Cir.1986) (holding that a vexatious litigant may be prevented from filing papers where a monetary sanction has been levied but not paid).

For reasons stated above, the District Court's judgments of March 18, 2008 are AFFIRMED.